IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-MJ-1812-JG-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| TERRILL LAMONT OWENS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a hearing on the government's motion under 18 U.S.C. § 3142(f) to detain defendant pending trial. By consent of counsel, this hearing was combined with the preliminary hearing under Fed. R. Crim. P. 5.1. Defendant presented no evidence. The government offered the testimony of an investigating officer. The court found probable cause and proceeded to consider the issue of detention. For the reasons stated below, the government's motion is GRANTED.

**Discussion**

Defendant was charged by criminal complaint on 3 November 2011 with conspiracy to distribute and possess with intent to distribute more than 280 grams of cocaine base (*i.e.*, crack) and more than 500 grams of cocaine from May 2008 to December 2010 in violation of 21 U.S.C. §§ 841 and 846. Based on the charges in the complaint, the case is subject to the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3). The court finds that defendant failed to rebut the presumption. In accordance with this presumption, the court further finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Even absent a determination that the presumption was not rebutted, the court finds that the government's evidence shows by clear and convincing evidence that there is no condition or

combination of conditions that will reasonably assure the appearance of defendant as required or the safety of any other person and the community before trial. The basis for this alternative determination includes: the strength of the case against defendant; the nature of the offenses charged; defendant's extensive drug-dealing history; defendant's substantial criminal history, including probation violations and his attempt to flee the courtroom after the most recent revocation in January 2011; and the substantial sentence defendant could receive if convicted.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of November 2011.

*James E. Gates*
United States Magistrate Judge